IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **HENRY JENKINS,** | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 07 C 2197 ) |
| **UNITED STATES OF AMERICA,** | ) ) ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Petitioner Henry Jenkins pled guilty to participating in a drug conspiracy by the Black Disciple street gang in violation of 21 U.S.C. § 846 on February 25, 2005. Petitioner's plea agreement was based in part on Rule 11(c)(1)(C) and the government agreed to recommend a sentence of one-half of the low end of petitioner's applicable guideline range in exchange for his cooperation. Petitioner was sentenced to 146 months imprisonment in the Federal Bureau of Prisons, a special assessment of $100, and term of five years supervised release. Jenkins presently moves to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255. For the following reasons, his petition is denied.

I.

Petitioner raises three substantive claims in support of his petition and a request for an evidentiary hearing. All except claim one involve challenges to his sentence on grounds that he did

not receive certain downward adjustments. In claim one, petitioner argues he suffered from ineffective assistance of counsel "at sentencing and during the plea negotiations." Petitioner alleges in his petition that his attorney "did not argue any issues that would help me reduce my sentence. Also, there was a conflict of interest between us concerning the issues and other members in the conspiracy." (Pet. at 6, ¶ 13.) In support petitioner provides his affidavit and a letter from his attorney, in which Jenkins claims his attorney was sent the wrong document. The affidavit does not add any allegations in support of his claim and Jenkins' alleged letter did not involve plea negotiations but was a request for his sentencing transcripts. The letter from his attorney enclosed a copy of the judgment.

II.

Petitioner's plea agreement contained a waiver of his rights to appeal and collaterally attack his sentence in a § 2255 petition. Paragraph 13 of petitioner's plea agreement reads

> Defendant waives his right to challenge his sentence or the manner in which it was determined in any collateral attack, including but not limited to a motion brought under Title 28, United States Code, Section 2255. The waiver in this paragraph does not apply to a claim of involuntariness, or ineffective assistance of counsel, which relates directly to this waiver or to its negotiation.

(Govt. Resp. Ex. A, ¶ 13.) Accordingly, I may only consider petitioner's ineffective assistance claim to the extent it relates directly to his waiver or plea negotiation. *See Nunez v. United*

2

*States*, 495 F.3d 544, 548-49 (7th Cir. 2007).

Jenkins has failed sufficiently to allege any facts in support of his ineffective assistance claim. Although Jenkins provides the conclusory allegation that his counsel was ineffective during plea negotiations, he does not identify a single instance of ineffectiveness prior to his plea agreement. The closest petitioner comes to making any allegation which would support his claim is when he states that "there was a conflict of interest between us concerning the issues and other members in the conspiracy." However, this statement is too vague and conclusory and does not allow me to determine any facts that may underlie his claim. *See Galbraith v. United States*, 313 F.3d 1001, 1008-09 (7th Cir. 2002); *Bruce v. United States*, 256 F.3d 592, 597 (7th Cir. 2001). Accordingly, the petition is denied.

III.

For the foregoing reasons, Jenkins' § 2255 petition and request for an evidentiary hearing are denied.

**ENTER ORDER:**

_____
**Elaine E. Bucklo**
United States District Judge

Dated: October 22 , 2007